22STCV33311

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Elihu Berle

Electronically FILED by Superior Court of California, County of Los Angeles on 10/12/2022 10:22 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Lozano,Deputy Clerk

1  HUSKINSON, BROWN & HEIDENREICH, LLP
   DAVID W.T. BROWN – Bar No. 147321
2  BRIAN D. CENTER – Bar No. 166583
   PAUL E. HEIDENREICH – Bar No. 116618
3  1200 Aviation Blvd., Suite 202
   Redondo Beach, CA  90278
4  Telephone:     (310) 545-5459
   bcenter@hbhllp.com
5  pheidenreich@hbhllp.com

6  Attorneys for Plaintiffs
7  JONATHAN LAROCQUE and all
   others similarly situated

8

9              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              IN AND FOR THE COUNTY OF LOS ANGELES

11

12  JONATHAN LAROCQUE, an individual, and       Case No.:  22STCV33311
    on behalf of himself and all others similarly
13  situated,                                   COMPLAINT FOR (1) FAILURE TO PAY
                                                WAGES OWED (2) VIOLATION OF
14                                              BUSINESS AND PROFESSIONS CODE
                                                SECTION 17200; DEMAND FOR JURY
15              Plaintiffs,                     TRIAL

16       vs.

17
    CITY OF LOS ANGELES; and Does 1 to 100,
18
                Defendant.
19

20

21

22

23

24

25

26

27

28

                                        1

Plaintiff JONATHAN LAROCQUE, individually and on behalf of all those similarly situated City of Los Angeles employees (mutually referred to as "Plaintiffs"), hereby alleges as follows:

## I.    PARTIES.

1.    Plaintiff JONATHAN LAROCQUE ("LAROCQUE") is an individual who at all relevant times lived and worked in Los Angeles County and worked as an employee of the City of Los Angeles ("Defendant" or "City"), California

2.    Defendant is the City of Los Angeles, in the State of California. The true name and capacities of DOES 1-100, whether corporate, individual, municipal or otherwise, are unknown to Plaintiff who therefore sues said defendants by such fictitious names, and will ask leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

3.    Plaintiff is informed, believes and thereon alleges that at all times relevant to this Complaint, each of the defendants, including, without limitation the City of Los Angeles and DOE defendants, were the agents, affiliates, officers, directors, managers, principals, partners, joint venturers, alter-egos and/or employees of the remaining defendants and at all times were acting within the scope of agency affiliate, officer, director, manager, principal, partner, joint venture, alter-ego and/or employment relationship and actively participated in, or subsequently ratified, adopted, or both, each and all of the acts of conduct alleged herein, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and all of the violations of Plaintiffs' rights and the damages to Plaintiffs proximately caused thereby.

## II.    JURISDICTION AND VENUE.

4.    Jurisdiction is proper in the Superior Court of the State of California in and for the County of Los Angeles because it has general subject matter jurisdiction concerning the causes of action, parties and disputes alleged herein. There are no statutory exceptions to the Court's jurisdiction.

COMPLAINT

5.      The Court has personal jurisdiction over Defendant because Defendant City operates in Los Angeles County and all Does.

6.      Venue is proper is this Court because the acts referenced herein took place in Los Angeles County.

## III.   FACTUAL ALLEGATIONS.

7.      This case is a straightforward wage and hour case.  Plaintiff is an employee of the City of Los Angeles.  Plaintiff Larocque is a firefighter for the Los Angeles Fire Department, a department operated by the City of Los Angeles.

8.      In or about 2021, Plaintiff received a salary step advancement in pay, providing a specific increase in his hourly wage. At the time, that increased salary was accepted and became binding, irrevocable, due and owing, mandatory, effective, contractual, enforceable, and operative.  However, the Defendant City has failed and refused to honor its legally binding wage and hour obligations to the Plaintiff.

9.      Plaintiff has yet to be paid the agreed and awarded salary step advancement wages according to that specific pay increase and agreement.  Instead, the City continued to pay Plaintiff at his old pay rate.  For example, Plaintiff Larocque was advanced to a "Step 6" in or about August or September 2021.  However, the City did not process the increase until around July 2022, resulting in Plaintiff Larocque being underpaid for at least 10 months. He has never been paid for the salary Step Advancement for the period from its inception until July 2022.

10.     The amount owed to Plaintiff is easily calculated, by multiplying the specific pay increase by the hours worked, including overtime, for the Plaintiff.  The City has acknowledged to Plaintiff Larocque that the City made this error and that it owes wages to him.  However, despite a demand for payment by Plaintiff and his representatives, the City has continued to fail or refuse to pay the Plaintiff his wages owed.

COMPLAINT

11.     Although not required under the law, and in fact expressly excluded from the Government Code because the issues involve the payment of wages owed, in order to give the City a more than reasonable chance to meet its financial, contractual, and wage and hour obligations without the need for litigation, on August 26, 2022 Plaintiff Larocque, on behalf of himself and all those similarly situated City employees, served a Government Claim upon the City pursuant to Government Code Sections 910 et seq to specify his demand for wages, interest, penalties and attorneys' fees owed.  To date, Plaintiff has not received a response to the claim and Defendant continues to refuse to honor the wage increases of the Plaintiff (and all City employees) during the relevant period, thus necessitating this class action litigation.

## IV.     CLASS ACTION ALLEGATIONS.

12.     The City of Los Angeles includes many departments, including but not limited to the Los Angeles Fire Department (LAFD), Los Angeles Police Department (LAPD), Department of Water & Power (DWP), LA World Airports, Los Angeles Harbor Department, Libraries. Department of Recreation and Parks, and numerous other departments, units, and sub-units. During the most recent fiscal years, the City has gained the benefits of the effort, employment, services, industry of the Plaintiff and hundreds of other employees by granting "salary step advancements" in pay. These are pay raises for each of these City employees that are earned and become specific inducements to employees to provide their services and industry to the City and to maintain their on-going employment with the City.

13.     Nevertheless,  on information and belief, the City of Los Angeles has failed and refused to pay its "salary step advancements" to hundreds, if not thousands of employees in many different Departments, divisions, units, sub-units or any other particular service, or job grouping. These City employees affiliated with such units/departments/divisions, who have received and been awarded "salary step advancements," have not been paid these salary increases. These City employees are the putative class Plaintiffs herein.  The City has received

4

COMPLAINT

tens of millions of dollars in direct benefits from the industry of the Class of Plaintiffs and has financially benefited by its failure to pay these wages.

14.     This Class Action is necessary because the City accepted and continues to accept the industry and efforts of the class members without paying their due and owing wages.

15.     The Plaintiff and Class Members provide their services to the City.  Each Plaintiff and class member has been awarded a "salary step advancement" within the recent fiscal years but has not received all of those wages, and in some cases has not received *any* of those wages owed and agreed by such "salary step advancement."

16.     Plaintiffs' and the Class Members' financial rights concerning the City's wrongful conduct are similar. The City accepted the obligation to pay salary step advancements to each class member.

17.     The City has not paid Plaintiffs or the putative Class Members their entire agreed wage and hour payments, including their most recent salary step advancements.

18.     Plaintiffs bring this Class Action pursuant to the California Code of Civil Procedure §382, the California Civil Code §1782, *County of Los Angeles v. Superior Court* (2008) 159 Cal.App.4th 353, 71 Cal.Rptr.3d 485, and *Ardon v City of Los Angeles* (2011) 52 Cal.4th 241 on behalf of themselves and all other persons similarly situated.

19.     The wages owed to Plaintiff and all Class Members (again, collectively, "Plaintiffs") are each owed based upon the Plaintiff and Class Members' efforts, time and industry to provide their employment to the City based upon the entire, total wages the City agreed to pay.

20.     This action is brought on behalf of the named Plaintiff individually and by him as a representative of the following class of property tax payers:

> All employees of the City of Los Angeles who, since October 1, 2018 received a salary step advancement but who were not provided and paid all owed salary step advancement wages since they were awarded. This class includes City of Los

COMPLAINT

Angeles employees who received such wage increases regardless of the department, unit, job title, job description or City-alleged reason for its failure to pay wages due and owing.

21.     Excluded are the judicial officers and associated court staff that are assigned to this case.

22.     The Class members are readily identified using City employment records. The Defendant has possession, custody, and control of the records identifying the Class Members and identifying each class member's unpaid wages.

23.     The Class is so numerous that joinder of all members is impracticable. Defendant has simply failed to pay these wages upon far too many people, on information and belief, believed to number in the hundreds, thousands or tens of thousands.  The identity and exact number of Class members is unknown.  It is alleged that the Class totals in excess of 1,000 members.

24.     Plaintiff's claims are typical of those of all Class members, each of whom has suffered harm due to Defendant's uniform course of conduct concerning the payment of their wages.

25.     The wage and hour claims of the representative Plaintiff and each member of the Class are identical.

26.     Plaintiff's claim is typical of the Class because they arise from the same course of conduct by Defendant—namely, Defendant's failure to pay awarded salary step advancements.

27.     Common questions of law and fact affect each and every Class member.  These common questions of law and fact predominate over any questions affecting on individual members of the Class/Sub-Class.  Common questions include, but are not limited to:

a.     The existence of the failure of the City to pay Salary Step Advancements.

b.     The Class Members' conduct to provide their industry, services and employment to and for the City.

c.      Was the City obligated by law to pay awarded Salary Step Advancements to the Class Members?

d.      Has the City received a benefit by the employment of the Class Members?

e.      Has the Defendant's conduct, as alleged in this Complaint, caused injury to the Class and/or Sub-Classes of Plaintiffs?

f.      Are the Plaintiff and Class entitled to equitable and/or injunctive relief mandating that the City comply with all Salary Step Advancements? and

g.      What is the appropriate measure of the damages that have been sustained by the Class and/or Sub-Class of Plaintiffs?

28.     Plaintiff will fairly and adequately protect the interests of the Class, and he has retained attorneys experienced in consumer protection actions, class actions, litigation against governmental entities, and wage and hour litigation.

29.     A class action is superior to other methods for fair and efficient adjudication of this controversy.  Treatment of the litigation as a class action will permit a large number of similarly situated persons to adjudicate their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

30.     Class treatment will also permit the adjudication of relatively small claims by many members who otherwise could not afford to litigate the claims that are asserted in this putative Class Complaint.

31.     This class action presents no difficulties in management that would preclude maintenance of a class action.  Plaintiffs anticipate providing appropriate notice to be approved by the Court after discovery as to the size and nature of the Class and/or Sub-Classes and the identity of each class member.

COMPLAINT

## FIRST CAUSE OF ACTION

### FAILURE TO COMPENSATE FOR BASE RATE AND OVERTIME HOURS IN VIOLATION OF CALIFORNIA LABOR CODE

32.     Plaintiffs reallege all the allegations contained in paragraphs set forth above, and incorporate them by reference into this cause of action as though fully set forth herein.

33.     California Labor Code Sections 510, 515 and 1194 require that employers pay employees for all hours worked, and to pay employees who work in excess of eight hours in one workday and who work in excess of forty hours in any one workweek at the rate of no less than one and one-half times the regular rate of pay for the employee, and twice the regular rate of pay for work that is provided that is more than 12 hours in a day or over eight hours on the 7th consecutive day of work.  Defendant violated these provisions by paying Plaintiffs at an incorrect, outdated rate of pay.

34.     As a direct result of Defendant's conduct, Plaintiff and the Class Members have suffered damages in terms of lost wages and other pecuniary loss.  Plaintiff and the Class Members also are entitled to penalties under the Labor Code, including, but not limited to Labor Code Sections 210, which entitles Plaintiffs to penalties for a failure to timely pay wages pursuant to Labor Code Section 204 *et. seq.*

35.     California Labor Code Section 1194 states that Plaintiff is entitled to recover the unpaid balance of the full amount of overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit. The damages each Plaintiff incurred will be ascertained at trial, but the total amounts are known to exceed the jurisdictional level of this Court. Plaintiffs have incurred and will continue to incur attorneys' fees and costs herein.

36.     Pursuant to Article 8 of Los Angeles Office of Wage Standards Ordinance, when employees are not paid wages owed, this is considered "wage theft."  Pursuant to Section 188.07, when an employer violates that Article, the employee is entitled to their wages unlawfully withheld, an additional penalty of up to $120 per day that each violation occurred or continued,

8

COMPLAINT

plus reasonable attorneys' fees and costs. An employee may enforce these rights through a civil action in a court of competent jurisdiction.

### SECOND CAUSE OF ACTION

### VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200

37.     Plaintiffs reallege and incorporate by reference all paragraphs set forth above.

38.     Defendant's violations of the law, as well as the statutory and regulatory violations alleged herein, constitute unlawful business practices in violation of Business and Professions Code Section 17200 *et. seq.*

39.     Accordingly, Plaintiffs and all aggrieved employees are entitled to restitution and/or injunctive relief requiring Defendant to pay all unpaid wages, plus interest and penalties, in an amount to be determined at trial.

40.     Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to Code of Civil Procedure section 1021.5, pursuant to Business and Professions Code section 17200 et. seq. and pursuant to the applicable Labor Code provisions.

### PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiffs pray for relief for themselves and for all others on whose behalf this suit is brought against Defendant, as follows:

1.     For all wages unpaid;

2.     For all appropriate penalties pursuant to California and City law;

3.     For restitution and/or injunctive relief requiring the payment of unpaid wages, including overtime;

4.     For costs of suit incurred herein;

5.     For reasonable attorneys' fees and costs;

6.     For prejudgment interest;

7.     For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all issues in the above-entitled action.

Dated:  October 11, 2022                    HUSKINSON, BROWN & HEIDENREICH

By: _____

Brian Center, Esq.
Attorneys for Plaintiffs

10

COMPLAINT