UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04549-SVW-MAR | Date | December 19, 2024 |
|---|---|---|---|
| Title | Jonathan Larocque v. City of Los Angeles et al | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [29] AND GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION [35]

## I. Introduction

Before the Court is a motion to dismiss brought by defendant City of Los Angeles ("Defendant") and a motion for class certification brought by plaintiff Jonathan Larocque ("Plaintiff"). ECF No. 29; ECF No. 35. For the following reasons, the motion to dismiss and the motion for class certification are both GRANTED. The Court also sets a status conference for January 6, 2024, at 1:30 p.m.

## II. Factual and Procedural Background

Plaintiff Jonathan Larocque ("Plaintiff") is a firefighter employed by Defendant. First Amended Complaint, ECF No. 1-4 ("FAC") ¶ 7. In August or September 2021, Plaintiff received a pay raise, but the increase was not processed until around July 2022, leading to Plaintiff being paid at a pay grade which did not reflect the increase for at least 10 months. *Id.* ¶ 9. Plaintiff alleges that Defendant has similarly failed to properly process pay raises for "hundreds, if not thousands of employees" employed by Defendant in various capacities. *Id.* ¶ 13. Plaintiff seeks to recover damages in the amount calculated by "multiplying the specific pay increase by the hours worked, including overtime." *Id.* ¶ 10.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-04549-SVW-MAR | Date | December 19, 2024 |
| Title | Jonathan Larocque v. City of Los Angeles et al | | |

Plaintiff sues Defendant under three causes of action: violation of California Labor Code sections 222, 223, 225.5, 510, 515, and 1194; violation of California's Unfair Competition Law ("UCL"), and violation of the Fair Labor Standards Act. *Id.* ¶ 32-45. Defendant has moved to dismiss Plaintiff's two state law causes of action, arguing that the California Labor Code sections at issue do not apply to it as a public entity. ECF No. 29. Plaintiff opposes the motion to dismiss. ECF No. 31. Meanwhile, Plaintiff seeks to certify this action under the FLSA's collective action provision, which would allow other employees who, like Plaintiff, were not credited for pay raises due to Defendant's failure to process them, to join as plaintiffs. ECF No. 35. Defendant opposes the motion for class certification. ECF No. 36.

### III.   Defendant's Motion to Dismiss

The Court finds that the state law provisions upon which Plaintiff's two state law causes of action rest are inapplicable to public entities like Defendant. Therefore, those causes of action must be dismissed.

####   A.   Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. See Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Thus, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine

| | : | |
|---|---|---|
| | Initials of Preparer | |
| | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04549-SVW-MAR | Date | December 19, 2024 |
|---|---|---|---|
| Title | *Jonathan Larocque v. City of Los Angeles et al* | | |

whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

**B.      Defendant is Not Subject to the Labor Code Provisions at Issue**

Under California law, "unless Labor Code provisions are specifically made applicable to public employers, they only apply to employers in the private sector." *Johnson v. Arvin-Edison Water Storage Dist.*, 174 Cal. App. 4th 729, 733 (2009). Specifically, California courts apply "a traditional rule of statutory construction…that, absent express words to the contrary, governmental agencies are not included within the general words of a statute." *Wells v. One2One Learning Found.*, 39 Cal. 4th 1164, 1192 (2006), *as modified* (Oct. 25, 2006). This rule has a caveat: public entities are excluded from statutory provisions only if application "would result in an infringement upon sovereign governmental powers." *Id.* (internal quotation marks omitted). However, this caveat "cannot override positive indicia of a contrary legislative intent." *Id.* at 1193.

Defendant, the City of Los Angeles, is undisputedly a public entity. The parties dispute instead whether the Labor Code provisions at issue in Plaintiff's first cause of action are applicable to Defendant. Using the above statutory construction framework, the California Court of Appeals has already specifically held that Labor Code sections 222, 223, 510, and 1194 do not apply to public entities. *Allen v. San Diego Convention Ctr. Corp.*, 86 Cal. App. 5th 589, 600-601 (2022); *Bath v. State*, 105 Cal. App. 5th 1184, 1205 (2024). Neither of the remaining provisions, namely Labor Code sections 225.5 and 515, contain any express language indicating that they apply to public entities. Indeed, Plaintiff in his opposition concedes his claims under section 515. ECF No. 31, at 7.

Plaintiff urges this Court to apply the home rule doctrine, which Plaintiff argues envelops the rule laid out in *Wells*, and additionally argues that the exemption found in Labor Code section 220(b) impliedly supports the application of the Labor Code sections at issue to public entities. This Court finds no support for Plaintiff's position on the application of the home rule in any of the California courts' jurisprudence analyzing the application of Labor Code sections to public entities. Indeed, in the California Supreme Court's latest statement on the matter, it applied the analytical framework from *Wells* and made no mention of the home rule doctrine. *See Stone v. Alameda Health Sys.*, 16 Cal. 5th 1040, 1052-54 (2024). In so doing, the court noted that "appellate decisions have uniformly concluded that, unless the laws in question expressly state otherwise, the Labor Code's wage and hour requirements

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04549-SVW-MAR | Date | December 19, 2024 |
|---|---|---|---|
| Title | Jonathan Larocque v. City of Los Angeles et al | | |

do not apply to public employers." *Id.* at 1059-60 (collecting cases). The court additionally noted that cases finding that Labor Code provisions *did* apply to public entities "involved provisions that are expressly applicable to public employers." *Id.* at 1060 (collecting cases). The same court also addressed the exemption in section 220(b), which exempts public entities from "Sections 200 to 211, inclusive, and Sections 215 to 219, inclusive" of the Labor Code. However, the court explicitly declined to rule on the extent to which public entities are liable under other Labor Code provisions not included in the exemption. *Id.* at 1069, fn. 16 ("We express no view on whether or to what extent public entities may be liable for Labor Code violations beyond the scope of the section 220, subdivision (b) exemption").

Resultingly, this Court finds that sections 225.5 and 515 do not apply to Defendant. First, the lack of express language applying these Labor Code sections to public entities strongly indicates that these sections do not apply to public entities. Second, Defendant argues, and this Court agrees, that the application of the Labor Code sections here could infringe upon sovereign governmental powers because the California Constitution gives Defendant plenary authority to provide in its charter for the compensation of its employees. Cal. Const. art. XI, § 5(b). Finally, the only indicia of legislative intent this Court finds favoring the application of these Labor Code provisions to public entities is the section 220(b) exemption not applying to the provisions at issue. However, the *Allen* and *Bath* courts found that sections 222 and 223 did not apply to public entities despite 222 and 223 also not being included in the section 220(b) exemption. *Allen*, 86 Cal. App. at 600-601 *Bath*, 105 Cal. App. at 1205. This Court does not find the section 220(b) exemption a compelling reason to apply section 225.5 to Defendant, particularly where California courts have found that the several other provisions do not apply, and Plaintiff himself concedes that section 515 does not apply to Defendant. Therefore, the Labor Code claim is dismissed with prejudice.

    **C.**    **Defendant is Not Subject to the UCL**

On similar grounds, Defendant moves to dismiss Plaintiff's UCL claim. The California Supreme Court has specifically held that "[g]overnmental entities…are not subject to suit under the unfair competition law." *Leider v. Lewis*, 2 Cal. 5th 1121, 1132, fn. 9 (2017). Accordingly, Plaintiff concedes to the dismissal of the UCL claim. Opp. at 2, fn 1 ("Plaintiff concedes to the dismissal of the Second Cause of Action for violation of Business and Professions Code Section 17200."). Therefore, the UCL claim is dismissed with prejudice.

Initials of Preparer     PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04549-SVW-MAR | Date | December 19, 2024 |
|---|---|---|---|
| Title | Jonathan Larocque v. City of Los Angeles et al | | |

### IV.    Plaintiff's Motion for Class Certification

The Court finds that Plaintiff has adequately stated a basis for a collective action under FLSA's collective action provision and makes additional findings about the plaintiffs to be joined.

####    A.    Legal Standard

While FLSA's collective action provision bears resemblance to traditional class actions brought pursuant to Federal Rule of Civil Procedure 23, such actions do not use Rule 23's framework. The Ninth Circuit's guidance in *Campbell v. City of Los Angeles* is instructive. In *Campbell*, the Ninth Circuit laid out a framework for how district courts should handle FLSA collective actions brought under 29 U.S.C. § 216(b), beginning with a two-step approach to certification. *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1109-10 (9th Cir. 2018). At the first stage, preliminary certification, the district court reviews the pleadings and any supplemental other evidence on a standard "akin to a plausibility standard" to find whether the plaintiff has adequately pled facts satisfying the similarly situated requirement of section 216(b). *Id*. at 1109. Preliminary certification allows "the dissemination of a court-approved notice to the putative collective action members, advising them that they must affirmatively opt in to participate in the litigation." *Id*. The second stage comes "at or after the close of relevant discovery," where the defendant may move for decertification. *Id*. Decertification again reviews the similarly situated question, but under "effectively the summary judgment standard." *Id*. at 1109, 1119. If the action is decertified, the action may no longer proceed as a collective action and "[t]he opt-in plaintiffs are dismissed without prejudice to the merits of their individual claims." *Id*. at 1110.

In order to satisfy the similarly situated requirement, party plaintiffs to be added to the case must "share a similar issue of law or fact material to the disposition of their FLSA claims." *Id*. at 1117. Importantly, distinctions between plaintiffs such as "individualized calculation of damages or the individualized application of defenses" do not "preclude collective treatment for the purpose of resolving the common issue that *does* exist." *Id*. at 1116 (emphasis in original). A district court may reject certification only where "conditions make the collective mechanism truly infeasible," not simply because the district court foresees "likely inconvenience." *Id*. at 1117.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04549-SVW-MAR | Date | December 19, 2024 |
|---|---|---|---|
| Title | *Jonathan Larocque v. City of Los Angeles et al* | | |

**B.     The Proposed Plaintiffs are Similarly Situated for Preliminary Certification**

Under the plausibility standard, the potential parties to be added all share similar issues of law or fact. As alleged by Plaintiff in his motion, each individual plaintiff was injured by Defendant in the same manner: they were granted a pay raise, and that raise was not properly added to their usual compensation for at least one pay period. In fact, the Court previously stayed these proceedings so that Defendant could identify the potential employees involved who were similarly situated to Plaintiff. ECF No. 18. These circumstances present nearly identical legal and factual questions under the FLSA for these potential plaintiffs.

**C.     The Class is Limited by the Requirements of the FLSA**

The FLSA creates a cause of action only when a qualified employer fails to compensate for overtime or meet minimum wage requirements; it does not address "gap time," meaning "time that is not covered by the overtime provisions because it does not exceed the overtime limit, and…time that is not covered by the minimum wage provisions because, even though it is uncompensated, the employees are still being paid a minimum wage when their salaries are averaged across their actual time worked." *Adair v. City of Kirkland*, 185 F.3d 1055, 1063, fn. 6 (9th Cir. 1999).

Circuit courts are split on whether the FLSA provides for gap time claims. A majority of circuits have held that at least some gap time claims are not available under the FLSA. *Conner v. Cleveland Cnty., N. Carolina*, 22 F.4th 412, 421 (4th Cir.), *cert. denied sub nom. Cleveland Cnty. v. Conner*, 143 S. Ct. 523 (2022); *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 116 (2d Cir. 2013); *Hensley v. MacMillan Bloedel Containers, Inc.*, 786 F.2d 353, 357 (8th Cir. 1986). Only one circuit has held otherwise. *Lamon v. City of Shawnee*, 972 F.2d 1145, 1155 (10th Cir.1992).

Meanwhile, among the circuits that disallow at least some gap time claims, one circuit allows certain types of gap time claims to proceed, while others have barred all gap time claims. The Fourth Circuit has classified what it terms "pure gap time" and "overtime gap time" claims. *Conner*, 22 F.4th at 421. Pure gap time is unpaid straight time in a week in which no overtime was worked, while overtime gap time is unpaid straight time in a week in which overtime was worked. *Id*. In this paradigm, a pure gap

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04549-SVW-MAR | Date | December 19, 2024 |
|---|---|---|---|
| Title | *Jonathan Larocque v. City of Los Angeles et al* | | |

time claim does not present an FLSA claim, as it does not interact with overtime and therefore does not fall within the bounds of the FLSA. *Id*. However, an overtime gap time claim does present a FLSA claim. *Id*. at 426. The Second and Eighth Circuits, meanwhile, have not made use of this framework, simply barring all gap time claims. *See Lundy*, 711 F.3d at 116, and *Hensley*, 786 F.2d at 357.

The Ninth Circuit has not addressed the issue of whether any gap time claims may be asserted under the FLSA, but in declining to address the issue, recognized that "[i]t is not clear that a gap time claim may be asserted under the FLSA, as distinguished from whatever proceedings may be available for breach of contract or under the collective bargaining agreement." *Adair*, 185 F.3d at 1063, fn. 6. District courts in the Ninth Circuit have generally agreed with the majority position that the FLSA does not allow for any gap time claims. *Farris v. Cnty. of Riverside*, 667 F. Supp. 2d 1151, 1161 (C.D. Cal. 2009) (collecting cases). Indeed, this Court has previously ruled that even overtime gap time claims are not cognizable under FLSA. *Lasater v. DirecTV, LLC*, 322 F. Supp. 3d 988 (C.D. Cal. 2017), *vacated and remanded on other grounds*, 772 F. App'x 582 (9th Cir. 2019) (finding that overtime gap time claim "has no basis in logic or in the text of the FLSA"). Given the weight of authority among the various other circuits and within the Ninth Circuit, this Court follows the reasoning that no gap time claims may be asserted under the FLSA.

This holding does not outright dismiss Plaintiff's FLSA claim, but it does affect the size of the class to be certified. In the operative complaint, Plaintiff alleges that he was injured in the amount found by "multiplying the specific pay increase by the hours worked, *including overtime*." FAC ¶ 10 (emphasis added). Considering reasonable inferences, as this Court must on a motion to dismiss, Plaintiff has alleged that he received overtime pay at a rate that did not correctly reflect a pay raise he properly received. Plaintiff has therefore pled a violation of the FLSA, but only as to his overtime, as the FLSA does not allow Plaintiff to recover for his straight time. The potential class members, in order to have also suffered FLSA violations, must similarly have been paid overtime during the periods that Defendant did not properly credit their pay raises. No potential plaintiff may be joined who did not receive overtime pay during a pay period in which they were not properly credited for a pay raise they properly received.

The overtime requirement also contributes to the question of individualized damages. Each potential plaintiff may only recover under the FLSA for overtime paid at their pre-raise pay rate. However, while the overtime requirement certainly limits the ultimate measure of damages, it does not

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04549-SVW-MAR | Date | December 19, 2024 |
|---|---|---|---|
| Title | Jonathan Larocque v. City of Los Angeles et al | | |

affect certification of the collective action here, as the Ninth Circuit specifically held in *Campbell* that "[i]ndividual damages amounts cannot defeat collective treatment under the more forgiving standard of section 216(b)." *Campbell*, 903 F.3d at 1117. The Court will address the common questions of fact and law shared by the collective, and any remaining individual questions "may readily be addressed with any of the practices developed to deal with Rule 23 classes facing similar issues." *Id*. at 1116.

### D. Equitable Tolling is Warranted

As to the size of the class, Plaintiff requests that this Court equitably toll the statute of limitations to the date this case was initially filed, October 17, 2022. ECF No. 35, at 8-9. "Equitable tolling is a rare remedy to be applied in unusual circumstances, not as a cure-all for an entirely common state of affairs." *Wallace v. Kato*, 549 U.S. 384, 396 (2007). The Ninth Circuit has stated that courts have discretion to apply equitable tolling on a case-by-case basis, but that such relief is to be applied "sparingly." *Scholar v. Pac. Bell*, 963 F.2d 264, 267 (9th Cir. 1992); *see also Partlow v. Jewish Orphans' Home of Southern Cal., Inc.*, 645 F.2d 757, 760-61 (9th Cir. 1981), *abrogated on other grounds by Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165 (1989) (stating the statute of limitations under section 255 of the FLSA may be tolled "when equity warrants"). For example, "[e]quitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time." *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999), *as amended* (Mar. 22, 1999). The inquiry should focus on fairness to both parties. *See generally Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990); *Partlow,* 645 F.2d at 760-61.

Here, the Court is persuaded that equitable tolling is warranted given the lengthy stay imposed at the new case status conference. Prior cases have found "discretionary case management decisions," and specifically "the time a court requires to rule on a motion to certify a collective action under the FLSA," to warrant equitable tolling on FLSA collective action claims. *See Harrington v. Cracker Barrel Old Country Store Inc.*, 713 F. Supp. 3d 568, 579 (D. Ariz. 2024) (collecting cases). Here, the Court's case management decision to stay the case delayed the proceedings by almost a year, with the stay imposed in July 2023 and the collective action motion fully briefed only in May 2024. Under these circumstances, the Court finds equitable tolling appropriate, but declines to use Plaintiff's date of the initial filing, particularly when Plaintiff did not add his FLSA claim until well after the filing of the

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04549-SVW-MAR | Date | December 19, 2024 |
|---|---|---|---|
| Title | Jonathan Larocque v. City of Los Angeles et al | | |

initial complaint. The Court finds the tolling date fairest to both parties to be the date of the status conference at which the Court imposed the stay, that being July 17, 2023. ECF No. 18. Therefore, the class will include all members who worked for the city at any time since July 17, 2020.

  E. **Resulting Class Size and Conditions**

  Taking into account the requirements of the FLSA and the tolling of the statute of limitations, the collective class of potential plaintiffs consists of all current and former employees of the City of Los Angeles who worked for the city at any time since July 17, 2020 and were paid overtime pay at a pay grade which did not properly reflect a pay raise they received. Defendant will provide to Plaintiff's counsel contact information of potential plaintiffs within 30 days and potential plaintiffs will file their consent to join forms within 90 days.

**V.** **Conclusion**

  For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss and GRANTS Plaintiff's motion to certify a class for collective action. Plaintiff's state law causes of action (claims one and two) are dismissed with prejudice. It is further ORDERED:

- The collective class of potential plaintiffs consists of all current and former employees of the City of Los Angeles who worked for the city at any time since July 17, 2020 and were paid overtime pay at a pay grade which did not properly reflect a pay raise they received.
- Defendant must provide to Plaintiff's counsel contact information of potential plaintiffs within 30 days of the date of this order.
- Potential plaintiffs will have 90 days from the date of this order to file their consent to join forms.
- The Court sets a status conference for January 6, 2025, at 1:30 p.m.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | PMC |